**BAKER & McKENZIE**

**FILED**

AUG 2 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**Facsimile Transmission**

Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California 92130-3051, USA

Tel: +1 858 523 6200
Fax: +1 858 259 8290
www.bakernet.com

| | | **Phone** | **Fax** |
|---|---|---|---|
| **Date** | August 8, 2008 | | |
| **To** | Ms. Sarah Stevenson, Bankruptcy Appellate Panel for the Ninth Circuit | | 626-229-7475 |
| **From** | Janet D. Gertz | +1 858 523 6280 | +1 858 259 8290 |
| **Client/Matter No.** | 67188539-000001 | | |
| **Re** | Kismet v. Diaz (In re Icenhower) | | |
| **Pages (w/cover)** | 38 - Please see the attached | | |



'08 CV 1572 W AJB

11:39 A.M.

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

AUG 8 2008

FILED_____
DOCKETED_____
         DATE        INITIAL

**Privacy And Confidentiality Notice**

The information contained in this facsimile is intended for the named recipients only. It may contain privileged and confidential information and if you are not an intended recipient, you must not copy, distribute or take any action in reliance on it. If you have received this facsimile in error, please notify us immediately by a collect telephone call to Office Services at +1 858 523 6309 and return the original to the sender by mail. We will reimburse you for the postage.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.
SDODMS1/692396.1

**BAKER & McKENZIE**

Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California 92130-3051, USA

Tel: +1 858 523 6200
Fax: +1 858 259 8290
www.bakernet.com

Asia
Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe &
Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Dusseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South
America
Bogota
Brasilia
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

August 8, 2008

Janet D. Gertz
Tel: +1 858 523 6283
janet.d.gertz@bakernet.com

Ms. Sarah Stevenson
Bankruptcy Appellate Panel for the Ninth Circuit
Richard H. Chambers United States Court of Appeals Building
125 South Grand Avenue
Pasadena, California 91105

Via Facsimile (626) 229-7475

RE:   Kismet v. Diaz (In re Icenhower)
      Bankr. No. 03-11155-LA7; Adv. Proc. Nos. 04-90392; 06-90369

Dear Ms. Stevenson:

Pursuant to your request, we submit on behalf of the Appellee and Plaintiff, Kismet Acquisition, LLC ("Kismet"), a brief summary of Kismet's position with respect to the status and disposition of the Emergency Motion of Defendants Martha Margarita Barba de la Torre and Alejandro Diaz-Barba ("Diaz Defendants") for Stay of Judgment Pending Appeal ("Emergency Stay Motion").

As a preliminary matter, the Diaz Defendants' claimed exigencies regarding excessive delay in obtaining an order from the Bankruptcy Court on their Emergency Stay Motion filed with that court on July 31, 2008, allegedly precipitating their filing of a parallel Emergency Stay Motion with the Bankruptcy Appellate Panel on August 6, 2008, are not well taken. First, counsel for the Diaz Defendants did not request a consensual stay from Kismet prior to taking this most unusual action. Kismet would have been more than willing to accommodate any request for a consensual extension of the stay for any period required for the Bankruptcy Court to review and rule on the stay request. [See e-mail from Ali Mojdehi to Geraldine A. Valdez dated August 7, 2007, attached hereto as Exhibit "A".] Second, the Diaz Defendants did not seek a bridging order from the Bankruptcy Court. Third, although the Diaz Defendants' Emergency Stay Motion was filed on July 31, 2007, the Diaz Defendants' notice of appeal was not filed until the afternoon of *August 6, 2008*, that is, the same day the Diaz Defendants filed their Emergency Motion with the Bankruptcy Appellate Panel. Absent an operative appeal on file, no stay order could issue from the Bankruptcy Court in any event. "The request for a stay pending appeal, "requires as a prerequisite an appeal." *Gold v. Laines (In re Laines)*, 2005 Bankr. LEXIS 2267 (Bankr. E.D. Va. Mar. 23, 2005). Thus, the exigency, if any, was self created in part by the delay in filing the notice of appeal.

The Diaz Defendants' Emergency Stay Motion filed with the Bankruptcy Appellate Panel is, however, now moot. First, the Bankruptcy Court for the Southern District of California, the Honorable Louise DeCarl Adler presiding, has this morning entered orders in both of the above adversary proceedings, denying the Diaz Defendants' Emergency Motion for Stay Pending Appeal filed with the Bankruptcy Court. Copies of these orders, dated August 7,

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

2008, are attached hereto as Exhibit "B". A copy of Kismet's Opposition, a portion of which was incorporated by reference into the Court's orders, is attached hereto as Exhibit "B-1".

Furthermore, on August 7, 2008, Kismet filed its election to have the appeal heard by the District Court for the Southern District of California. Copies of the election are attached hereto as Exhibit "C". Any further request for a stay by the Diaz Defendants' must thus be sought from the District Court.

Please do not hesitate to contact me if you require any further information concerning this matter.

Sincerely,

Baker & McKenzie LLP

Janet D. Gertz

Enclosures

cc      Ali M.M. Mojdehi (w/o enclosures)
        Geraldine A. Valdez (w/o enclosures)
        D. Anthony Gaston (w/o enclosures)
        Stephen B. Morris (w/o enclosures)
        Jerry L. Icenhower (w/o enclosures)
        Barry Lander, Clerk of the US Bankruptcy Court, Southern District of California

# EXHIBIT "A"

| From: | Mojdehi, Ali M M |
|---|---|
| Sent: | Thursday, August 07, 2008 1:31 PM |
| To: | 'gav@procopio.com'; 'jeanne_bender@casb.uscourts.gov' |
| Cc: | Gertz, Janet; Mayo, Terri L |
| Subject: | Re: Kismet v. Diaz |

Geraldine - I am out of the country and this is the first I have heard about your filing
with the BAP or your concern about timing. We are happy to agree to an informal stay
pending the bankruptcy court's ruling. You filed a voluminous motion so it took some time
to respond to it and the bankruptcy court may desire some additional time to consider all
the paper, and if it does, our informal agreement should accomodate all concerned. Having
said that, Rule 8005 is clear that a stay request must be presented and considered by the
bankruptcy court first. Unless you agree to withdraw your request in light of our informal
agreement to stay pending a ruling, we will notify the BAP of our objection. You should
also be aware that we intend to elect to have this matter heard by the district court, in
any event. Thank you.
Ali M. M. Mojdehi
Baker & McKenzie LLP
Tel: + 858 523 6280
Cell: + 619 549 4000
Fax: + 858 259 8290
ali.m.m.mojdehi@bakernet.com


-----Original Message-----
From: Valdez, Geraldine A. <gav@procopio.com>
To: jeanne_bender@casb.uscourts.gov <jeanne_bender@casb.uscourts.gov>
CC: Mojdehi, Ali M M
Sent: Thu Aug 07 12:57:10 2008
Subject: Kismet v. Diaz

Dear Jeanne:

I just returned from lunch to see that Kismet had finally filed an opposition to the
emergency motion we filed with the court one week ago.  As you know, Judge Adler's amended
judgment stayed enforcement for only ten days.  That ten days will run on Sunday.
Therefore, we were left with no choice but to refile the emergency motion with the BAP
yesterday afternoon.  Otherwise, there would have been no way to file the motion there
before the stay expired, in the event Judge Adler were to deny the motion.

We messengered a courtesy copy of the papers that we filed with the BAP to the court this
morning, so you will probably have received them by now.

Rgds
Geraldine


------------------------------------------------------------
08/07/08, 12:57:15

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law.  This
email and any attachments hereto may contain information that is confidential and/or
protected by the attorney-client privilege and attorney work product doctrine.  This email
is not intended for transmission to, or receipt by, any unauthorized persons.  Inadvertent
disclosure of the contents of this email or its attachments to unintended recipients is
not intended to and does not constitute a waiver of attorney-client privilege or attorney
work product protections.  If you have received this email in error, immediately notify
the sender of the erroneous receipt and destroy this email, any attachments, and all
copies of same, either electronic or printed.  Any disclosure, copying, distribution, or
use of the contents or information received in error is strictly prohibited.

1

Federal tax regulations require us to notify you that any tax advice in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties.
==========================================================

# EXHIBIT "B"

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No
Geraldine A. Valdez, Bar No. 174305
PROCOPIO, CORY, HARGREAVES & SAVITCH
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900

Order Entered on
August 08,2008
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re JERRY LEE ICENHOWER, dba Seaview Properties, and DONNA LEE ICENHOWER<br><br>Debtor. | BANKRUPTCY NO. 03-11155-LA7 |
| KISMET ACQUISITION, LLC<br><br>Plaintiff(s) | ADVERSARY NO. 06-90369<br>04-90392 |
| v.<br>JERRY L. ICENHOWER dba Seaview Properties and DONNA L ICENHOWER, fka DONNA L. HAWKS, et al.<br><br>Defendants(s) | Date of Hearing: None Set<br>Time of Hearing: None Set<br>Name of Judge: Hon. Louise DeCarl Adler |

## [PROPOSED] ALTERNATE ORDER ON EMERGENCY MOTION OF DEFENDANTS MARTHA MARTARITA BARBA DE LA TORRE AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through 2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. 241/532

// FOR THE REASONS SET FORTH IN PART II, PG. 3-6, OF OPPOSITION OF PLAINTIFF KISMET

// (D.E. #536), DIAZ DEFENDANTS ARE NOT ENTITLED TO A STAY UNDER F.R.B.P. 7062(d), NOR

// DOES COURT HAVE THE PRESENT ABILITY TO CALCULATE THE APPROPRIATE AMOUNT OF

// ANY SUCH BOND.

August 07,2008

DATED:

**NOT APPROVED**

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

*Louise DeCarl Adler*

Judge, United States Bankruptcy Court

Submitted by:

Procopio, Cory, Hargreaves & Savitch LLP
(Firm name)

By: /s/ Geraldine A. Valdez

CSD 3000A

American LegalNet, Inc.
www.USCourtForms.com

Attorney for ☐ Plaintiff ☐ Defendant

CSD 3000A (11/15/04) (Page 2)
ORDER ON EMERGENCY MOTION, etc.
DEBTOR: ICENHOWER

CASE NO: 03-11155-LA7
ADV. NO.: 06-90369/04-90392

The Court, having considered the Emergency Motion of Defendants Martha Margarita Barba De La Torre and Alejandro Diaz-Barba ("Defendants") for Stay of Judgment Pending Appeal (the "Motion"), the Memorandum of Points and Authorities and Declaration of Farzeen Essa in support thereof, and for good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Motion is granted.

2.    Pursuant to Federal Rules of Bankruptcy Procedure 7062 and 8005, enforcement of the Consolidated Judgment entered by the Court on June 2, 2008 and the Amended Consolidated Judgment attached as Exhibit A to the Court's Order on Motion to Alter or Amend Consolidated Judgment entered July 30, 2008 is hereby stayed pending appeal, conditioned on Defendants' filing a supersedeas bond in the amount of $_____.

CSD 3000A

American LegalNet, inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler August 07, 2008*

CSD 3000A (11/15/04)
Name, Address, Telephone No. & I.D. No.
Geraldine A. Valdez, Bar No. 174305
PROCOPIO, CORY, HARGREAVES & SAVITCH
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900

Order Entered on
August 08,2008
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re JERRY LEE ICENHOWER, dba Seaview Properties, and DONNA LEE ICENHOWER <br><br> Debtor. | BANKRUPTCY NO. 03-11155-LA7 |
| KISMET ACQUISITION, LLC <br><br> Plaintiff(s) | ADVERSARY NO. 06-90369 <br> 04-90392 |
| v. <br> JERRY L. ICENHOWER dba Seaview Properties and DONNA L. ICENHOWER, fka DONNA L. HAWKS, et al. <br><br> Defendants(s) | Date of Hearing: None Set <br> Time of Hearing: None Set <br> Name of Judge: Hon. Louise DeCarl Adler |

## [PROPOSED] ORDER ON EMERGENCY MOTION OF DEFENDANTS MARTHA MARTARITA BARBA DE LA TORRE AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through 2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. 241/532

// FOR THE REASONS SET FORTH IN PART III, PG. 6-17, OF PLAINTIFF KISMET'S OPPOSITION
// (D.E. #245), COURT DECLINES TO ISSUE A DISCRETIONARY STAY PURSUANT TO
// F.R.B.. 7062(c).

DATED:   August 07,2008

**NOT APPROVED**

*Louise DeCarl Adler*
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Procopio, Cory, Hargreaves & Savitch LLP
(Firm name)

By: /s/ Geraldine A. Valdez
Attorney for ☐ Plaintiff ☐ Defendant

CSD 3000A

American LegalNet Inc
www.USCourtForms.com

CSD 3000A (11/15/04) (Page 2)
ORDER ON EMERGENCY MOTION, etc.
DEBTOR: ICENHOWER

CASE NO:  03-11155-LA7
ADV. NO.: 06-90369/04-90392

The Court, having considered the Emergency Motion of Defendants Martha Margarita Barba De La Torre and Alejandro Diaz-Barba ("Defendants") for Stay of Judgment Pending Appeal (the "Motion"), the Memorandum of Points and Authorities and Declaration of Farzeen Essa in support thereof, and for good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Motion is granted.

2.    Pursuant to Federal Rules of Bankruptcy Procedure 7062 and 8005, enforcement of the Consolidated Judgment entered by the Court on June 2, 2008 and the Amended Consolidated Judgment attached as Exhibit A to the Court's Order on Motion to Alter or Amend Consolidated Judgment entered July 30, 2008 is hereby stayed pending appeal.

CSD 3000A

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler August 07, 2008*

# EXHIBIT "B-1"

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130-3051
    Telephone: +1 858-523-6200
4
    Attorneys for Plaintiff
5   KISMET ACQUISITION, LLC

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re                                    Case No. 03-11155-LA-7

12  JERRY LEE ICENHOWER dba Seaview          Chapter Number 7
    Properties, and DONNA LEE ICENHOWER,
13                                           Adv. Proc. No: 04-90392
                     Debtors.               Adv. Proc. No: 06-90369
14
    ─────────────────────────────────────
15  KISMET ACQUISITION, LLC,                 **OPPOSITION BY PLAINTIFF
                                             KISMET ACQUISITION, LLC TO
16                   Plaintiff,              EMERGENCY MOTION OF
                                             DEFENDANTS MARTHA BARBA
17  v.                                       AND ALEJANDRO DIAZ-BARBA
                                             FOR STAY OF JUDGMENT
18  JERRY L. ICENHOWER an individual; et al. PENDING APPEAL [FED. R. BANKR.
                                             PROC. 7062, 8005]**
19                   Defendants.

20                                           DATE: None set
                                             TIME   None set
21                                           DEPT: 2
                                             JUDGE: Hon. Louise DeCarl Adler
22

23  ─────────────────────────────────────

24  ///

25  ///

26  ///

27  ///

28  ///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

                                    1

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
SDODMS1/692323 1

# TABLE OF CONTENTS

                                                                                                    **Page**

I.    THE DIAZ DEFENDANTS ASSERT A REVISIONIST FACTUAL
      BACKGROUND ..................................................................................................... 2

II.   THE DIAZ DEFENDANTS ARE NOT ENTITLED TO A STAY OF RIGHT
      UNDER FED. R. BANKR. PROC 7062(D)........................................................... 3

III.  THE DIAZ DEFENDANTS ARE NOT ENTITLED TO A DISCRETIONARY
      STAY UNDER FED. R. BANKR. PROC. 7062(C) ............................................... 6

      A.    Under Rule 8005, the Governing Law Requires Each Hilton Element to be
            Satisfied............................................................................................................ 6

      B.    The Diaz Defendants Cannot Demonstrate Any Probability of Success on the
            Merits................................................................................................................. 9

            1.    The Court Has Subject Matter Jurisdiction Over the Adversary
                  Proceedings............................................................................................ 10

            2.    The Recovery Pursuant to Section 550 Has No Extraterritorial Effect;
                  Avoidance f a Post-Petition Transfer of Property of the Estate Under
                  Section 549 of the Bankruptcy Code Has Express Extraterritorial
                  Application............................................................................................. 11

            3.    There Are No Facts Suggesting Comity Should Have Been Applied .......... 12

      C.    The Diaz Defendants' Claims of Irreparable Harm are of No Consequence ............ 15

      D.    The Public Interest Does Not Militate in the Diaz Defendants' Favor...................... 17

IV.   CONCLUSION................................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 933 8200

i

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Acevedo-Garcia v. Vera Monroig,*
  296 F.3d 13 (1st Cir. 2002)................................................................9

*Acton v. Fullmer (In re Fullmer),*
  323 B.R. 287 (Bankr. D. Nev. 2005) ...........................................2

*In re Adelphia Communications Corp.,*
  361 B.R. 337 (S.D.N.Y. 2007)......................................................2

*Allstate Life Ins. Co. v. Linter Group Ltd.,*
  994 F.2d 996 2d (cir. 1993) ........................................................12

*Ariz. Contrs. Ass'n, Inc. v. Candelaria,* No. CV07-02496, 2008 U.S. Dist. 2008 ..................2, 6

*Blankenship v. Boyle,*
  447 F.2d 1280 (D.D.C. 1971) ......................................................1

*Brady v. Brown,*
  51 F.3d 810 (9th Cir. 1995) ...............................................11, 14

*In re Brun,*
  360 B.R. 669 ...............................................................................6

*In re Capital West Investors,*
  180 B.R. 240 (N.D. Cal. 1995) ..................................................3, 4

*County of Alameda v. Weinberger,*
  520 F.2d 344, 1975 U.S. App. LEXIS 14117 (9th Cir.1975).................7, 9

*Donovan v. Fall River Foundry Co.,*
  696 F.2d 524 (7th Cir. 1982) .......................................................3

*E.E.O.C. v. Arabian American Oil Co.,*
  499 U.S. 244 (1991)...................................................................11

*Fall v. Eastin,*
  215 U.S. 1 (1909)] ...............................................................10, 11

*Feltman v. Warmus (In re American Way Serv. Corp.),*
  229 B.R. 496 (Bankr. S.D. Fla. 1999)...........................................6

*In re Forty-Eight Insulations, Inc.,*
  115 F.3d 1294 (7th Cir. 1997).............................................8, 9, 10

*Gagan v. Sharer,*
  2005 U.S. Dist. LEXIS 27409 (D. Ariz. Nov. 1, 2005)......................1

*Garcia-Mir v. Meese,*
  781 F.2d 1450 (11th Cir. 1986) ...................................................9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego CA 92130
+1 858 523 6200

ii

# TABLE OF AUTHORITIES

                                                                                    Page

*Gleasman v. Jones, Day, Reavis & Pogue (In re Gleasman),*
    111 B.R. 595 (Bankr. W.D. Tex. 1990) ....................................................5

*Golden Gate Restaurant Ass'n. v. City of San Francisco,*
    512 F.3d 1112 (9th Cir. 2008) ..............................................................7

*Goldies Bookstore, Inc. v. Superior Court,*
    739 F.2d 466 .......................................................................................2

*Government Guarantee Fund of the Republic of Finland v. Hyatt Corp.,*
    167 F.R.D. 399 (D.V.I. 1996) ..............................................................5

*Gushi Bros. Co. v. Bank of Guam,*
    28 F.3d 1535 (9th Cir. 1994) ..........................................................11, 12

*In re Hargis,*
    887 F.2d 77 (5th Cir.1989) ................................................................13

*Hartford Fire Ins.,*
    509 U.S. at 799 ..................................................................................13

*Hebert v. Exxon Corp.,*
    953 F.2d 936 (5th Cir. 1992) ............................................................4, 5

*Hilton v. Braunskill,*
    481 U.S. 770 (1987) ..........................................................................6, 7

*Hilton v. Guyot,*
    159 U.S. 113, 16 S. Ct. 139, 40 L. Ed. 95 (1895) ..............................12

*Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon),*
    153 F.3d 991 (9th Cir. 1998) .............................................................14

*In re Issa Corp.,* 142 Bankr. 75, 78 ...........................................................1

*In re Krause,*
    2007 Bankr. LEXIS 3049 ....................................................................2

*LaRouche v. Kezer,*
    20 F.3d 68 (2d Cir. 1994) ..................................................................10

*Lopez v. Heckler,*
    713 F. 2d 1432 (9th Cir. 1983, *rev'd on other grounds*, 469 US. 1082 (1984) ..................7, 8

*In re Max Sugarman Funeral Home, Inc.,*
    94 B.R. 16 (Bankr. D.R.I. 1988) ...........................................................4

*Maxwell Commc'n Corp. PLC v. Societe Generale PLC (In re Maxwell Commc'n Corp.),*
    93 F.3d 1036 (2d Cir. 1996) ...............................................................13

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO 03-11155-LA-7 ADV. NO 04-90392

## TABLE OF AUTHORITIES

Page

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,*
    945 F.2d 150 (6th Cir. Mich. 1991) ....................................................................9

*Miller v. LeSEA Broadcasting, Inc.,*
    927 F. Supp. 1148 (E.D. Wisc. 1996) ................................................................5

*Mohammed v. Reno,*
    309 F.3d 95 (2d Cir. 2002) ...............................................................................10

*NLRB v. Westphal,*
    859 F.2d 818 (9th Cir. 1988) .............................................................................3

*Natural Res. Def. Council, Inc. v. Winter,*
    502 F.3d 859 (9th Cir. 2007) .............................................................................7

*O'Hagan v. U.S.,*
    86 F. 3d 776 (8th Cir. 1996) ..............................................................................1

*Ohanian v. Irwin (In re Irwin),* 338 B.R. AT 839 .................................................9

*Rose Townsend Trust v. Johnston (In re Johnston),*
    No. 06-80040, 2007 WL 2684736 (Bankr. E.D. Wash. Sept. 7, 2007) ..............8

*Silicon Valley Bank v. Pon (In re Pon),*
    1994 U.S. Dist. LEXIS 2559 (LEXIS Citation only) (N.D. Cal. Feb. 25, 1994) (citing *In re Dial Industries, Inc.,* 137 Bankr. 247, 250-251 (Bankr. N.D. Ohio 1992)) .........................8

*Thomas v. City of Evanston,*
    636 F.Supp. 587 (An appellant's failure to meet their burden of persuasion regarding even one of these factors requires denial of the stay) ........................8

*United States v. Fitzgerald,*
    884 F. Supp. 376 (D. Idaho 1995) .....................................................................9

*United States v. Krause (In re Krause),*
    No. 05-17429, 2007 Bankr. LEXIS 3049 (Bankr. D. Kansas August 29, 2007) .........5

*United States v. Mansion House Center Redevelopment Co.,*
    682 F. Supp. 446 (E.D. Mo. 1988) ....................................................................4

*United States v. Texas,*
    523 F. Supp. 703 (E.D. Tex. 1981) ....................................................................2

*In re Wymer,*
    5 B.R. 806 (B.A.P. 9th Cir. 1980) .....................................................................7

*Yeganeh v. Sims (In re Yeganeh),*
    2006 U.S. Dist. LEXIS 32765 (N.D. Cal. May 12, 2006) ..............................2, 9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

iv

CASE NO 03-11155-LA-7 ADV NO 04-90392

# TABLE OF AUTHORITIES

**Page**

## STATE CASES

*Cf. Hurtado v. Superior Court,*
11 Cal. 3d 574, 522 P.2d 666, 114 Cal. Rptr. 106 (Cal. 1974)...............................................13

## DOCKETED CASES

*Dynamic Finance Corp. v. Kipperman (In re North Plaza, LLC),*
Case No. 08-CV-1194..........................................................................................................8

## FEDERAL STATUTES AND RULES

11 U.S.C. § 541(a) .........................................................................................12

28 U.S.C. §§ 157(a) .......................................................................................12

Under 28 U.S.C. § 1334(e) ......................................................................12, 14

9th Cir. Rule 36-3 .............................................................................................8

Fed. R. App. Proc. 32.1.....................................................................................8

Fed. R. Bankr. Proc. 7062.....................................................................2, 3, 6, 8

Fed. R. Civ. Proc. 62.........................................................................................2

Fed. Rule Bankr. Proc. 8005.............................................................................6

Federal Rule Civ. Proc. 62(c) ...........................................................................6

Federal Rule Civ. Proc.  62(a)     ...............................................................2, 3, 4

Federal Rule Civ. Proc. 62(c)     .......................................................................7

Federal Rule Civ. Proc.  62(d)     ..................................................................3, 4

Fed. Rule Bankr. Proc. 1001     ........................................................................3

Fed. Rule Bankr. Proc.  8005     .......................................................3, 6, 7, 8, 10,

## OTHER

2 Matthew Bender Practice Guide, *Federal* Pretrial *Civil Procedure in California*
§ 19.08[3][f] ....................................................................................................7

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

v

1    Plaintiff Kismet Acquisition, LLC, ("Kismet") hereby submits its Opposition to the

2    Emergency Motion of Defendants Martha Barba and Alejandro Diaz-Barba ("Diaz Defendants") for

3    Stay of Judgment Pending Appeal ("Emergency Stay Motion"). For the reasons set forth below,

4    Kismet respectfully requests the Court to deny the Motion.

5        A stay pending appeal is an "extraordinary remedy." It should be used sparingly. *Ariz.*

6    *Contrs. Ass'n, Inc. v. Candelaria*, No. CV07-02496, 2008 U.S. Dist. 2008 WL 486002 (D. Ariz. Feb.

7    19, 2008) (citing *United States v. Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981). Here, there is no

8    reason for granting a stay.

9        The Emergency Stay Motion is determined pursuant to Fed. R. Bankr. Proc. 7062, which

10   incorporates by reference Fed. R. Civ. Proc. 62, and Fed. R. Bankr. Proc. 8005, as they have been

11   interpreted by the courts of the Ninth Circuit. As discussed below, there is no stay relief available to

12   the Diaz Defendants under these Rules and their interpretive precedent.

13       First, the Diaz Defendants are not entitled to a stay of right upon the posting of a supersedeas

14   bond pursuant to Fed. R. Bankr. Proc. 7062(d) because the judgment being appealed from is neither

15   a monetary judgment nor it is closely analogous to a monetary judgment. Rather, the relief granted

16   is most closely identified with a mandatory injunction. Second, the Diaz Defendants' cannot obtain

17   a discretionary stay upon appeal under Fed. R. Bankr. Proc 7062(a) where they are unable to

18   demonstrate *any* likelihood of success on the merits—much less the requisite high probability of

19   success needed to justify a discretionary stay. As discussed below, the Diaz Defendants cannot

20   demonstrate the existence of any *legitimate* legal questions in respect to the Court's Findings of Fact

21   and Conclusions of Law and Amended Judgment (collectively, the "Judgment"). Furthermore,

22   where, as here, the Diaz Defendants cannot present a colorable case on the merits on appeal, they are

23   not otherwise entitled to a "free ticket" for a stay on appeal based solely upon their assertions that

24   they will face irreparable harm from the execution of the Judgment. As such, the Diaz Defendants'

25   request for a stay pending appeal should be denied.

26   **I.    THE DIAZ DEFENDANTS ASSERT A REVISIONIST FACTUAL BACKGROUND**

27       The Diaz Defendants have included in their Emergency Stay Motion approximately seven

28   pages of "Factual Background." The "Factual Background" plainly seeks to recharacterize the

2

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANT'S MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392

SDODMS1/692323.1

1   record through artful wordsmithing. For example, notably absent from the Diaz Defendants'

2   recitation are the substantial portion of the numerous "red flags" concerning the transaction, which

3   are otherwise presented in great detail in the Judgment. There is no mention in the Diaz Defendants

4   monologue of the Diaz Defendants' and their attorney's knowledge of the Debtors' bankruptcy prior

5   to the close of the 2004 transaction for the Villa Property. The narrative includes irrelevant *ad*

6   *hominem* attacks on the plaintiff, which are not supported by the record and, frankly, have no proper

7   place in the Emergency Motion. As such, Kismet opposes the entirety of Section II of the Diaz

8   Defendants' Emergency Stay Motion and submits in its place Section II of the Court's Consolidated

9   Findings of Fact and Conclusions of Law, which are incorporated herein by reference.

10  **II.    THE DIAZ DEFENDANTS ARE NOT ENTITLED TO A STAY OF RIGHT UNDER**
11  **FED. R. BANKR. PROC 7062(d)**

12          The Diaz Defendants contend that they are entitled to receive a stay as a matter of right under

13  Fed. R. Bankr. Proc. 7062(d), provided that they post a supersedeas bond. Suggesting that the

14  Amended Judgment is "comparable to" a money judgment, the Diaz Defendants boldly claim that "if

15  the Court is unwilling to grant a discretionary stay without a bond, it must set the amount of the bond

16  in accordance with Federal Rule of Bankruptcy Procedure 7062(d). [Motion at 25.] This is not an

17  accurate depiction of the applicable law concerning the requirement for obtaining a stay in

18  connection with the posting of a supersedeas bond.

19          Fed. R. Civ. Proc. 62(d) provides that "[w]hen an appeal is taken the appellant by giving a

20  supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this

21  rule." Rule 62(a) provides that "[u]nless otherwise ordered by the court, an interlocutory or final

22  judgment in an action for an injunction or in a receivership action, or a judgment or order directing

23  an accounting in an action for infringement of letters patent," shall not be stayed pending appeal.

24  The Ninth Circuit strictly limits the application of Rule 62(d) to monetary judgments. *See NLRB v.*

25  *Westphal*, 859 F.2d 818 (9th Cir. 1988) (citing *Donovan v. Fall River Foundry Co.*, 696 F.2d 524 (7th

26  Cir. 1982)); *see also In re Capital West Investors*, 180 B.R. 240, 242 (N.D. Cal. 1995) (stating that

27  "the Seventh and Ninth Circuits have given clear effect to the limitation (of the stay of right to

28  appeals from money judgments)").

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

1    Courts necessarily utilize a comparability test for judgments that do not neatly fit into the

2    specific named categories articulated under Rule 62(a) and (d), determining which type they are

3    more closely analogous to. This application does not assist the Diaz Defendants here. No amount of

4    shoehorning and legal maneuvering will fit the "square peg" of the Amended Judgment into the

5    "round hole" of a monetary judgment.

6    The cases cited by the Diaz Defendants as examples are instructive and demonstrate the

7    requirement for a very close equivalency to a monetary judgment to be deemed "comparable." In

8    *Capital West*, the appellants were unsuccessful in attempting to argue that a supersedeas stay would

9    apply to an order confirming a chapter 11 plan. The court held that the order was not the

10   "equivalent" of a money judgment, but instead accomplished a distribution of rights among the

11   parties to the bankruptcy. *Id.* In *Hebert v. Exxon Corp.*, 953 F.2d 936 (5th Cir. 1992), the Fifth

12   Circuit extended a stay of right to a declaratory judgment that required the defendant to pay a

13   specific sum of money. The court aptly reasoned that the applicability of Rule 62(d) turned not on

14   the distinction between a declaratory or money judgment but rather "whether the judgment involved

15   is monetary or nonmonetary." *Id.* at 938. *United States v. Mansion House Center Redevelopment

16   Co.*, 682 F. Supp. 446, 450 (E.D. Mo. 1988) simply stands for the unremarkable proposition that a

17   foreclosure action on a deed of trust or mortgage—which represents the liquidation of the collateral

18   for a sum certain owed in default of a loan obligation—has equivalency to a money judgment.[1]

19   The policy underlying the limitation of Rule 62(d) to money judgments provides further

20   guidance as to why a supersedeas bond is inapplicable to these proceedings. Courts have restricted

21   the application of Rule 62(d) to judgments for money "because a bond may not adequately

22   compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment."

23   *Hebert*, 953 F.2d at 938 (citing *Westphal*, 859 F.2d at 819). In this respect, a stay of right is

24   unavailable where the transfer of an asset is involved, as a bond cannot compensate for the loss of

25   use of the asset by the appellee during the duration of the appeal. In this respect, the supersedeas

26

27   _____

[1] *In re Max Sugarman Funeral Home, Inc.*, 94 B.R. 16 (Bankr. D.R.I. 1988), also cited by the Diaz
28   Defendants, provided no analysis whatsoever, otherwise appears to disagree with the narrow
approach followed in the Ninth and Seventh Circuits, and thus is not persuasive.

Baker & McKenzie LLP
13544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
SDODMS1/692323.1

1  bond must be a "kind for kind security to guaranty the [money] judgment" *Id.* (quoting *United*

2  *States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D. Fla. 1990)).  The Diaz

3  Defendants' unsupported proposition that actions "pertaining to possession of real property" should

4  always benefit from a stay of right upon posting of a supersedeas bond is belied by the substantial

5  weight of authority.  In fact, a judgment affecting the *possession* of real property (as opposed to a

6  mortgage foreclosure action) will generally never be able to be treated "kind for kind" with money

7  because of the issues concerning compensation for the appellee's loss of the <u>use</u> of the property

8  during the pendency of the appeal.  This is particularly true where, as here, income-producing

9  commercial property is involved.  *See, e.g. Government Guarantee Fund of the Republic of Finland*

10  *v. Hyatt Corp.*, 167 F.R.D. 399 (D.V.I. 1996) (denying motion for stay of order to vacate hotel

11  property, holding that "the posting of mere money by Hyatt in this case cannot adequately ensure

12  that [appellee] would be adequately compensated for the lost possession and use of its property and

13  lost income from the operation of the Hotel during the pendency of an appeal"); *Miller v. LeSEA*

14  *Broadcasting, Inc.*, 927 F. Supp. 1148 (E.D. Wisc. 1996) (denying motion for stay of order requiring

15  defendant to sell television station property, holding that "where a party has been ordered to do or

16  perform an act, the monetary value of a delay in performance is not so readily ascertained").

17       As applied to core proceedings in bankruptcy cases, in all practicality, the supersedeas stay

18  rarely applies.  *See Gleasman v. Jones, Day, Reavis & Pogue (In re Gleasman)*, 111 B.R. 595, 599

19  (Bankr. W.D. Tex. 1990) (observing that the nature of bankruptcy proceedings is such that

20  supersedeas stays are seldom applicable, because most bankruptcy court rulings adjust the relative

21  rights of parties to property) (footnotes omitted).  Furthermore, where the property involved is

22  "property of the estate" subject to recovery and/or turnover, the suitability of a supersedeas bond is

23  even more remote.  Such a judgment concerning property of the estate is "in the nature of equitable

24  or injunctive relief, notwithstanding the fact that it is not technically an injunction as referenced in

25  Rule 62(c)" *United States v. Krause (In re Krause)*, No. 05-17429, 2007 Bankr. LEXIS 3049 at *6

26  (Bankr. D. Kansas August 29, 2007) [cited in LEXIS only].

27       Although judgments on avoidance actions can take the form of monetary judgments, the

28  Amended Judgment here specifically calls for recovery of the *property*.  Throughout these

5

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692323.1

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

1   proceedings, Kismet has demanded recovery of the property and has eschewed a monetary

2   judgment. The provisions of Section 550 of the Bankruptcy Code provide the prevailing plaintiff in

3   an avoidance action the choice of whether to receive recovery of a money judgment or recovery of

4   the property itself. The statute, in prescribing alternatives, is purposefully flexible to accomplish its

5   remedial goal. *In re Brun, 360 B.R. 669, 674; Feltman v. Warmus (In re American Way Serv.*

6   *Corp.)*, 229 B.R. 496 (Bankr. S.D. Fla. 1999). The policy behind providing the prevailing plaintiff

7   this choice recognizes the troublesome valuation difficulties that necessarily exist with fraudulently

8   transferred real or personal property assets and to otherwise ensure that the plaintiff captures any

9   increase in the value of the property that may have occurred subsequent to the date of the fraudulent

10  transfer. These same considerations also serve to negate the applicability of a stay of right to the

11  Diaz Defendants now upon the posting of a bond where the Judgment requires transfer to Kismet of

12  the fideicomiso trust interest. The proper amount of such a bond would be incalculable and Kismet

13  would be left with unjust exposure to significant risk of loss.

14      As such, the proper analysis of the Diaz Defendants' right to a stay is under the test for a

15  discretionary stay under Fed. R. Bankr. Proc. 7062(c). As explained below, the Diaz Defendants

16  also fail that test.

17  **III.    THE DIAZ DEFENDANTS ARE NOT ENTITLED TO A DISCRETIONARY STAY**
18  **UNDER FED. R. BANKR. PROC. 7062(c)**

19  **A.    Under Rule 8005, the Governing Law Requires Each *Hilton* Element to be Satisfied**

20      A stay of a final order on the merits of a dispute is "an extraordinary device which should be

21  sparingly granted." *Ariz. Contrs. Ass'n, Inc. v. Candelaria*, 2008 WL 486002 at *5-6. In determining

22  whether a discretionary stay should be granted from an appeal to a district court or bankruptcy

23  appellate panel from the final order of the bankruptcy court under Fed. Rule Bankr. Proc. 8005,

24  virtually all courts utilize the four factors used in determining whether to grant a stay pending appeal

25  of a *preliminary* injunction under Federal Rule Civ. Proc. 62(c). That familiar four-part test

26  articulated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), has been

27  adopted by virtually all the circuit courts of appeal, including the Ninth Circuit. That test is:

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

1    (1) whether the stay applicant has made a strong showing that he is likely to succeed on the

2    merits;

3    (2) whether the applicant will be irreparably injured absent a stay;

4    (3) whether issuance of the stay will substantially injure the other parties interested in the

5    proceeding; and

6    (4) where the public interest lies.

7    *Id.*

8    Because the burden of meeting this standard lies with the moving party and is a heavy one, in

9    respect to a stay of a final order on the merits, "more commonly stay requests will not meet this

10   standard and will be denied." Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §

11   2904 (West Pub. 1995 & Supp. 2008); *see also* 2 Matthew Bender Practice Guide, *Federal Pretrial*

12   *Civil Procedure in California* § 19.08[3][f] (noting that the moving party bears the burden of proof

13   as to each element of the test).

14   Although under Rule 8005 the four enumerated factors utilized in determining the

15   applicability of a stay are identical to those used for determination of a stay of a preliminary

16   injunction pending appeal, *see In re Wymer*, 5 B.R. 806 (B.A.P. 9th Cir. 1980) (adopting the standard

17   for discretionary stays of a preliminary injunction under the predecessor to Rule 8005), the practical

18   *application* of these four factors in a case arising under the Bankruptcy Code is very different. In the

19   context of a stay pending *injunction* under Rule 62(c), courts often apply several alternative

20   formulations of this traditional test in a "sliding scale" fashion, with the strength of any one factor

21   varying inversely with the strength of the remaining factors. *See, e.g., Lopez v. Heckler*, 713 F. 2d

22   1432 (9th Cir. 1983, *rev'd on other grounds*, 469 US. 1082 (1984).[2]

23

24   [2] The Ninth Circuit, for example uses at least three "alternative" tests of this type. For example, to
     prevail the moving party must show either (1) "a strong likelihood of success on the merits" and "the

25   possibility of irreparable injury to plaintiff if preliminary relief is not granted" or (2) "that serious
     legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate*

26   *Restaurant Ass'n. v. City of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008) (quoting *Natural*
     *Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007); *Lopez v. Heckler*, 713 F.2d at

27   1435. Under the second alternative, the legal questions must be so "serious, substantial, difficult and
     doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation."

28   *County of Alameda v. Weinberger*, 520 F.2d 344, 1975 U.S. App. LEXIS 14117, 349 n.12 (9th
     Cir.1975)..

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
SDODMS1/692323.1

1         Courts of this circuit, as well as those of other circuits, generally agree that under Rule 8005

2    a sliding scale formulation is not appropriate for use in making the determination of whether a stay

3    should be granted pending the appeal of a bankruptcy court order. *See Rose Townsend Trust v.*

4    *Johnston (In re Johnston)*, No. 06-80040, 2007 WL 2684736 (Bankr. E.D. Wash. Sept. 7, 2007)

5    (rejecting the movants' citations to cases, such as *Lopez v. Heckler*, 713 F. 2d 1432, that did not rely

6    upon F.R.B.P. 8005); *compare In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir.

7    1997) (stating that if the movant failed to make the requisite threshold showings of both a strong

8    likelihood of success on the merits and irreparable harm, the stay should be denied without further

9    analysis). The reason for the rejection of the standard sliding scale analysis under Fed. R. Bankr.

10   Proc. 8005 relates to the procedural posture of an appeal, *i.e.*, whether it is from a final order of a

11   bankruptcy court on the merits; or from a preliminary determination, not on the merits. *See, e.g.,*

12   *Dynamic Finance Corp. v. Kipperman (In re North Plaza, LLC)*, Case No. 08-CV-1194, Order

13   Denying Appellants' Motion for Stay Pending Appeal (S.D. Cal. July 25, 2008) (Whelan, J.)[3]:

14        A "sliding scale" approach, which often results in disproportionately
       weighting the "irreparable harm" prong, is appropriate for preliminary
15   injunctions because a court deals with the dispute on first impressions,
       relies on a less-than-developed factual and legal record, and will
16   ultimately revisit the issue down the road. In contrast, where-as here-a
       court has taken extensive evidence and briefing and issued a
17   determination on the merits, an interest in finality arises.

18        Under Rule 8005, therefore, the substantial weight of authority in the Ninth Circuit requires

19   that, *each element* of the test must be proved by the moving party by a *preponderance* of the

20   evidence. *See, e.g., Silicon Valley Bank v. Pon (In re Pon)*, 1994 U.S. Dist. LEXIS 2559 at * 6

21   (LEXIS Citation only) (N.D. Cal. Feb. 25, 1994) (citing *In re Dial Industries, Inc.*, 137 Bankr. 247,

22   250-251 (Bankr. N.D. Ohio 1992) [cited in LEXIS only]. The Diaz Defendants' statement that "if

23   the court disagrees that they cannot satisfy the 'likelihood of success' prong [they] can make such a

24   strong showing on the other factors that the Court should grant this motion," [Motion at 9], is error.

25   *See Thomas v. City of Evanston*, 636 F.Supp. 587, 590-91 (An appellant's failure to meet their

26

27   ─────────────────
     [3] The Opinion is attached as Exhibit "A" hereto. *See* Fed. R. App. Proc. 32.1; 9th Cir. Rule 36-3

28   (providing for citation to unpublished dispositions and orders issued on or after January 1, 2007).

8

1  burden of persuasion regarding even *one* of these factors requires denial of the stay);[4] *see also, e.g.,*

2  *Ohanian v. Irwin (In re Irwin)*, 338 B.R. AT 839; *Yeganeh v. Sims*, 2006 WL 1310447 (N.D. Cal.

3  May 12, 2006) at *19 (failure to prove likelihood of success on the merits alone is grounds for denial

4  of the stay); *In re Forty-Eight Insulations, Inc.*, 115 F.3d at 1301 (same, cited by the Diaz

5  Defendants).

6  **B.   The Diaz Defendants Cannot Demonstrate Any Probability of Success on the Merits**

7       The likelihood of success on the merits is a threshold issue, normally "the most important"

8  factor in the determination of whether a stay may be granted. *United States v. Fitzgerald*, 884 F.

9  Supp. 376, 377 (D. Idaho 1995) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

10  Indeed, "[t]he sine qua non of the stay pending appeal standard is whether the movants are likely to

11  succeed on the merits." Wright, Miller & Kane, Federal Practice and Procedure: 16A Jurisdiction 3d

12  § 3954 & n.10.1 (West Supp. April 2008) (quoting *Acevedo-Garcia v. Vera Monroig*, 296 F.3d 13,

13  16 (1st Cir. 2002)).

14       A movant seeking a stay pending review on the merits of a final judgment will necessarily

15  have greater difficulty in demonstrating a likelihood of success on the merits. "In essence, a party

16  seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of

17  reversal." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th

18  Cir. Mich. 1991); *see also, e.g., In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir.

19  1997) (describing the required showing as a "strong" and "substantial" likelihood of success, and

20  stating, "in the context of a stay pending appeal, where the applicant's arguments have already been

21  evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood

22  of success to meet his burden.").

23       The requisite showing for "likelihood of success" requires, at an absolute minimum, that the

24  movant raise "'questions going to the merits so *serious, substantial, difficult and doubtful* as to make

25  them a fair ground for litigation and thus for more deliberate inquiry.'" *County of Alameda v.*

26

27  [4] Although these required elements may be "balanced," the threshold preponderance burden
obviously does not leave as much "play" in the machinery as does the more liberal "sliding scale"

28  approach used in the determination of a stay of a preliminary injunction.

9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692323.1

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

1  *Weinberger*, 520 F.2d 344, 349 n.12 (9th Cir.1975) (citations omitted) (emphasis added). Stated a

2  different way, at this procedural juncture—after numerous dispositive motions and where the Court

3  has conducted a five-day trial on the merits—in order to satisfy this prong of the test, the Court

4  would have to find that there is a substantial possibility that it had based its decision on an erroneous

5  view of the law or clearly erroneous factual findings, or that it made a clear error of judgment in the

6  Amended Judgment. Cases cited by the Diaz Defendants for a contrary position, such as

7  *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (stay of deportation) and *LaRouche v. Kezer*,

8  20 F.3d 68, 72-23 (2d Cir. 1994) (stay of preliminary injunction) concern the standard for

9  preliminary injunctive relief on appeal and do concern final judgments on the merits, nor do they

10 apply Rule 8005. The other case cited by the Diaz Defendants, *In re Forty Eight Insulations, Inc.*,

11 115 F.3d at 1301, as discussed above, absolutely requires a threshold showing of "strong" and

12 "substantial" showing of likelihood of success, not merely a "possibility," as suggested by the Diaz

13 Defendants. Here, the minimal showing on the merits has not been made—and cannot be made

14 under any circumstances.

15        Here, the Diaz Defendants base the merit of their appeal on three discrete issues: (i) that the

16 Court lacked subject matter jurisdiction over the proceeding; (ii) that the "avoidance" provisions of

17 the Bankruptcy Code do not apply extraterritorially; and (iii) that comity considerations dictate the

18 use of Mexican law. Each of these contentions merely resurrects arguments that have been

19 thoroughly discredited in the prior proceedings in this Court and may thus be disposed of in

20 summary fashion.

21        1.       **The Court Has Subject Matter Jurisdiction Over the Adversary Proceedings**

22        There is no validity to the Diaz Defendants' contention that the Court has no subject matter

23 jurisdiction over these proceedings. As stated in the Amended Judgment, the Court "has subject

24 matter jurisdiction over claims to avoid and recover the wrongful transfer of the Debtor's interest in

25 the fideicomiso trust, and it has *in personam* jurisdiction over each of the Defendants in these actions

26 to order them to execute the necessary conveyance documents to return the Villa Property to the

27 estate, subject to enforcement through this Court's contempt powers, even though it indirectly

28 affects title to real property in Mexico." [Amended Judgment at 33. (citing, *inter alia, Fall v. Eastin*,

10

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692323.1

CASE NO. 03-11155-LA-7 ADV NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

1    215 U.S. 1, 9-12 (1909)].

2    *Fall v. Eastin* holds that

3          [t]he territorial limitation of courts of a state over property in another
       state has a limited exception in the jurisdiction of a court of equity . . .
4       A court of equity, having authority to act upon the person, may
       indirectly act upon real estate in another state, through the
5       instrumentality of this authority over the person. Whatever it may do
       through the party, it may do to give effect to its decree respecting
6       property, whether it goes to the entire disposition of [the property] or
       only to affect [the property] with liens or burdens.

7

8    *Id.*

9          Thus, although a court may not *directly* act on property which lies beyond its borders, it may

10   *indirectly* act on such property by its assertion of *in personam* jurisdiction over the defendant. In

11   accord with the established rule of *Fall v. Easton*, the Ninth Circuit has endorsed the use the

12   contempt power to command a party over whom the court has personal jurisdiction to take all acts

13   necessary to transfer Mexican real property into a fideicomiso trust where such is required to do

14   equity. *See Brady v. Brown*, 51 F.3d 810 (9th Cir. 1995). *Brady* was a civil proceeding concerning

15   substantially similar facts and with a strikingly similar equitable posture to these proceedings. *Id.*

16   As such, the contention by the Diaz Defendants that this Court lacks subject matter jurisdiction over

17   these proceedings where the Diaz Defendants have otherwise submitted to the personal jurisdiction

18   of the Court lacks any colorable merit.

19         **2.    The Recovery Pursuant to Section 550 Has No Extraterritorial Effect;**
       **Avoidance f a Post-Petition Transfer of Property of the Estate Under Section 549**
20       **of the Bankruptcy Code Has Express Extraterritorial Application**

21         Congress has the authority to apply its laws extraterritorially, provided, however, that there is

22   a presumption against such application. In *E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244

23   (1991), the Supreme Court held that "legislation of Congress . . . is meant to apply only within the

24   territorial jurisdiction of the United States . . . unless a contrary intent appears."

25         A two-fold inquiry is required when attempting to determine if this presumption against

26   extraterritoriality should be given effect. First, a court must determine if the presumption applies at

27   all, *i.e.*, the court must make findings on whether the conduct occurred outside the borders of the

28   United States. *Gushi Bros. Co. v. Bank of Guam*, 28 F.3d 1535, 1538-39 (9th Cir. 1994). In

                                              11

Baker & McKenzie LLP
12544 High Bluff Drive,
Third floor
San Diego, CA 92130
+1 858 523 6200

OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
CASE NO. 03-11155-LA-7 ADV. NO 04-90392
SDODMS1/692323.1

1   conducting this inquiry, the court will look to the specific conduct proscribed by the particular

2   legislation as well as to the impact of the conduct within the United States. *Id.* Second, if the

3   presumption is implicated, that is, if the conduct substantially occurred outside the borders of the

4   United States, only then is it necessary to inquire whether Congress intended the statute to extend to

5   extraterritorial conduct. In conducting this inquiry into legislative intent, a court should look to "all

6   available evidence," including the text of the statute, the overall statutory scheme, legislative reports,

7   and any other indicia of congressional intent. *Id.*

8          The presumption against extraterritoriality is not implicated by the avoidance of the

9   fraudulent conveyance from Jerry Icenhower to Howell and Gardner, Investors, Inc. that was ordered

10  pursuant to the Amended Judgment in the Adversary Proceeding No. 04-90392. Here, the center of

11  gravity of the correct transfer (between debtor & H&G), is indisputably within the U.S.

12         Furthermore, with respect to the avoidance of the post-petition transfer to the Diaz

13  Defendants under Adversary Proceeding 06-90369, pursuant to 28 U.S.C. §§ 157(a) and 1334(d),

14  this Court has exclusive jurisdiction over "all of the property, wherever located, of the debtor as of

15  the commencement of such case, *and of property of the estate*." 28 U.S.C. § 1334(d) (emphasis

16  added). Furthermore, under 11 U.S.C. § 541(a), property of the estate is defined to include property

17  "wherever located and by whomever held." As a result of the Court's Amended Judgment granting

18  substantive consolidation of Howell & Gardner *nunc pro tunc*, the Villa Property is "property of the

19  estate," over which Congress has clearly granted clear broad jurisdiction to this Court, along with

20  express extraterritorial reach, pursuant to the unequivocal words of the statute.

21         **3.     There Are No Facts Suggesting Comity Should Have Been Applied**

22         As stated by the Diaz Defendants, a court's decision to extend or deny comity is reviewed for

23  abuse of discretion. *See Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 2d (cir. 1993).

24  No abuse of discretion can be shown here.

25         International comity is "the recognition which one nation allows within its territory to the

26  legislative, executive or judicial acts of another nation, having due regard both to international duty

27  and convenience, and to the rights of its own citizens or of other persons who are under the

28  protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164, 16 S. Ct. 139, 40 L. Ed. 95 (1895).

12

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
CASE NO. 03-11155-LA-7 ADV. NO. 04-90392

SDODMS1/692323.1

1   ///

2         Comity is a discretionary refusal to exercise jurisdiction on the part of a court where the case

3   is more properly adjudicated in a foreign state. *Maxwell Commc'n Corp. PLC v. Societe Generale*

4   *PLC (In re Maxwell Commc'n Corp.)*, 93 F.3d 1036, 1047 (2d Cir. 1996).. In deciding whether to

5   forego application of our own law under the doctrine of international comity, the Supreme Court has

6   referred to the factors in Restatement (Third) of Foreign Relations Law § 403 (1987). *See Hartford*

7   *Fire Ins.*, 509 U.S. at 799 & n. 25; id. at 818 (Scalia, J., dissenting); *see also In re Maxwell Commc'n*

8   *Corp.*, 93 F.3d at 1047-48. The Restatement looks to, *inter alia*, (i) "the extent to which the activity

9   takes place within the territory" of the regulating state; (ii) "the connections, such as nationality,

10  residence, or economic activity, between the regulating state and the person principally responsible

11  for the activity to be regulated;" (iii) "the extent to which other states regulate such activities" or

12  "may have an interest in regulating [them];" (iv) the "likelihood of conflict with regulation by

13  another state," and (v) "the importance of regulation to the regulating state." Restatement (Third) of

14  Foreign Relations Law, § 403(2).

15        Here, the United States unquestionably has a stronger interest than Mexico in regulating the

16  transaction between Howell & Gardner Investors, Inc./Icenhower and the Diaz Defendants. A key

17  purpose of the Bankruptcy Code is to protect the rights of both debtors and creditors during

18  insolvency. In exchange, the Bankruptcy Code's avoidance provisions protect creditors by

19  preserving the bankruptcy estate against illegitimate depletions. In re Hargis, 887 F.2d 77, 79 (5th

20  Cir.1989). The United States has a strong interest in extending these personal protections to its

21  residents. Mexico, by contrast, has comparatively little interest in protecting the Diaz Defendants,

22  who are residents of the United States. *Cf. Hurtado v. Superior Court*, 11 Cal. 3d 574, 522 P.2d 666,

23  670, 114 Cal. Rptr. 106 (Cal. 1974) (holding that Mexico has no interest in applying its statutory

24  limitation on damages when defendants in a tort action were not Mexican residents).

25        Under these facts, the question is not even close. Here, substantially all of the activity

26  surrounding the transfer took place in the United States. Diaz and Icenhower first met in the United

27  States. Communications between them concerning the transaction took place in the United States.

28  All of the transfer documents were signed in the United States at the San Diego offices of Peter

13

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692323.1

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

1   Thompson, an attorney licensed by the California Bar. The documents were notarized by a

2   California notary public. Moreover, almost all of the parties with an interest in this litigation,

3   Kismet, the Debtors, the Diaz Defendants, Howell & Gardner Investors, Inc., and Craig Kelley—

4   have a domicile or residence in the United States. The "fideicomiso" interest held by Howell &

5   Gardner Investors, Inc./Icenhower was itself "in reality a *U.S.* real estate irrevocable trust contract."

6   Jorge A. Vargas, *Acquisition of Real Estate In Mexico by U.S. Citizens and American Companies*

7   (March 2007) at 14, *available at* http://ssrn.com/abstract=968794 (emphasis added). The center of

8   gravity of the transaction was the United States. There is thus no danger that the avoidance law of

9   the regulating state—the United States—will conflict with Mexican law.

10      Furthermore, even in a case where the substantial activity takes place in a foreign

11  jurisdiction, comity considerations are typically rejected where there is no persuasive argument "that

12  there would be problems enforcing a judgment . . . , or that there are any substantial conflicts with

13  Mexican law." *Brady*, 51 F.3d at 819. In this respect, the enforcement here will be accomplished

14  through the contempt power of the Court over the Diaz Defendants, over which the Court has

15  personal jurisdiction. In addition, the remedy devised by the Court is essentially a "fideicomiso,"

16  authorized by Article 18 of the 1973 Mexican foreign investment law. "Such an arrangement . . .

17  does not violate Mexican law." 51 F.3d at 819.

18      Most important, comity considerations are substantially negated where, as here, the issue

19  concerns property of the estate fraudulently transferred post-petition. Under 28 U.S.C. § 1334(e),

20  the bankruptcy court obtains exclusive *in rem* jurisdiction over all of the property of the estate. As

21  such, the court exercises "custody" over such property, creating a legal fiction "that the property—

22  regardless of actual location—is legally located within the jurisdictional boundaries of the district in

23  which the court sits." *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991

24  (9th Cir. 1998). As such, in determining comity in bankruptcy cases "the court will defer to where

25  the 'center of gravity' of multiple proceedings exists. *Id.* Where there is no competing proceeding

26  in a foreign nation at issue, the court most properly utilizes its discretion to assert its jurisdiction

27  over property of the estate is at issue. *Id.* To fail to do so in derogation of creditors' interests would

28  be quite extraordinary.

14

///

The Diaz Defendants otherwise attempt to suggest that the dispute should have been litigated in Mexico due to the so-called "Calvo Clause." This issue, which the Diaz Defendants seek to sweep with a broad brush into their discussion of comity, instead relates to the affirmative defense of improper venue. As revealed by the text of Article 27 of the Mexican Constitution quoted by the Diaz Defendants [Motion at 18] the "Calvo Clause" is strictly a matter of contract. As such, it is not self-executing, but contemplates that the parties will enter into an "agreement" for venue concerning disputes, that is, a standard forum selection clause to be contained in the "escritura." In this respect, the Diaz Defendants have previously waived any affirmative defense of improper venue based upon any forum selection clause in the escritura, which the Court found to be permissive in nature. As such, the Court's Order dated March 6, 2008 [Docket Entry No. 159] completely disposed of this issue.

## C.     The Diaz Defendants' Claims of Irreparable Harm are of No Consequence

The Diaz Defendants appear to concede the general lack of merit of their appeal and otherwise seek to convince the Court that a stay should still be granted because of the "irreparable harm" that would come to them should Kismet execute on the Amended Judgment. This argument is not supportable. A discretionary stay may not be granted absent a threshold strong showing of likely success on the merits, regardless of any showing on the Diaz Defendants' part of irreparable harm. See, e.g., *Blankenship v. Boyle*, 447 F.2d 1280 (D.D.C. 1971); cf. *Gagan v. Sharer*, 2005 U.S. Dist. LEXIS 27409 (D. Ariz. Nov. 1, 2005)[5] [cited in LEXIS only].

The Diaz Defendants attempt to base their claims of irreparable harm on the fact that a *per se* showing is met where "real property is involved." [Motion at 21.] None of the cases cited by the Diaz Defendants provide persuasive support for this principle. The court in *In re Issa Corp.*, 142 Bankr. 75, 78 (Bankr. S.D.N.Y. 1992) only stated that the debtor would "*indisputably*" suffer irreparable harm because the stay motion went unopposed. Neither *O'Hagan v. U.S.*, 86 F. 3d 776,

---

[5] In this respect, the Diaz Defendants would not be able to obtain a stay even under the "alternative" formulations used in determining a stay upon injunction under which "it must be shown as an irreducible minimum that there is a *fair chance* of success on the merits," even if the balance of harm tips sharply in their favor. 2 Matthew Bender Practice Guide, Federal Pretrial Civil Procedure in California § 19.08[3][d] (emphasis added).

15

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]
SDODMS1/692323.1

1   783 (8th Cir. 1996), nor *Goldies Bookstore, Inc. v. Superior Court*, 739 F.2d 466, dealt with a

2   discretionary stay under Rule 62(a). As such, they are inapposite. The courts of the Ninth Circuit

3   have generally dismissed similar arguments as having only "superficial" appeal. *See, e.g., Acton v.*

4   *Fullmer (In re Fullmer)*, 323 B.R. 287, 305 (Bankr. D. Nev. 2005). Other courts have recognized

5   that in fact there is actually no "irreparable" harm because, upon any reversal, the Appellee would

6   return the property. *See In re Krause*, 2007 Bankr. LEXIS 3049 at *11.

7       Furthermore, absent the requisite proof of success on the merits, irreparable harm—no matter

8   how strenuously it is contended—is otherwise irrelevant. A stay under such circumstances would

9   only result in unnecessary delay of the execution of the Bankruptcy Court's lawful order, with no

10  countervailing societal benefit. As stated above, a moving party's failure to establish success on the

11  merits is reason for denial of a stay, and any irreparable harm that the Diaz Defendants may

12  demonstrate is nullified by their failure to raise a colorable case for appeal on the merits.

13      To the extent that the Diaz Defendants' irreparable harm argument is based on a contention

14  that that, absent a stay, the appeal will become moot, this also fails. The majority of cases that have

15  considered the issue have determined that the risk that an appeal would become moot does not, by

16  itself, constitute irreparable harm. *Id.* at 304 (collecting cases). *In re Adelphia Communications*

17  *Corp.*, 361 B.R. 337, 347-48 (S.D.N.Y. 2007), does not hold that mootness alone constitutes

18  irreparable harm. Rather, irreparable harm is shown only where "*any* appeal of *significant* claims of

19  error" is absolutely foreclosed. *Id* at 348 (emphasis in original). As set forth above, the Diaz

20  Defendants have not demonstrated that they can raise "significant claims of error" on appeal.

21      On the other hand, the Diaz Defendants must also show that the bankruptcy estate and

22  Kismet would not be harmed by a stay. *Yeganeh v. Sims (In re Yeganeh)*, 2006 U.S. Dist. LEXIS

23  32765 (N.D. Cal. May 12, 2006). Here, the Diaz Defendants (focusing on the harm to come to

24  themselves from enforcement of the Order) have not met this burden. In characterizing the harm to

25  Kismet as negligible to nonexistent, the Diaz Defendants ignore the very real burdens that delay in

26  the execution of the Amended Judgment will place on Kismet. The delay in the transfer of the Villa

27  Property will have a significant impact on Kismet in terms of lost opportunities, for development and

28  otherwise, which cannot be compensated for by money. Furthermore, the Villa Property is property

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
v) 858 523 6200

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R. BANKR. PROC. 7062, 8005]

SDODMS1/692323.1

1   of the estate, which was wrongfully transferred to the Diaz Defendants post-petition. The estate has

2   been wrongfully deprived of this asset (and its rents and other income) for approximately four years.

3   Furthermore, the estate received **_none_** of the consideration for the transfer of the Villa Property to

4   the Diaz Defendants. In such circumstances, further delay is unwarranted and would not serve the

5   interests of justice.

6   **D.**    **The Public Interest Does Not Militate in the Diaz Defendants' Favor**

7       This is not a case "affecting the public interest." Although a Bankruptcy Case is an *in rem*

8   proceeding and thus affects the rights of the public in general to the "*res*" constituting the

9   bankruptcy estate, there is not a public right at stake in the traditional sense used under the four

10   factor test, such as a constitutional issue or other right affecting the public at large. As such, this

11   factor need not be specifically added into the equitable determination regarding the granting of the

12   stay.

13       In the end analysis, however, larger policy considerations are necessarily a factor in the

14   determination of any motion requesting a stay of an order of a bankruptcy court in a case arising

15   under the Bankruptcy Code. A longstanding core policy of the Bankruptcy Code is to provide a

16   cost-effective and speedy process to minimize the cost to creditors. Thus, Rule 8005, along with all

17   the other Fed. Rules Bankr. Proc., need to be construed in light of this overriding policy goal. Rule

18   1001 states: "These rules shall be construed to secure the just, speedy, and inexpensive

19   determination of every case and proceeding." The result of any stay in this proceeding would be to

20   allow *property of the estate* to remain in the hands of a wrongful possessor. In light of the very thin

21   meritorious reed upon which their Motion hinges, the policy of the Bankruptcy Code militates

22   against granting the Diaz Defendants' Emergency Stay Motion.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

1    ///

2                              IV.    CONCLUSION

3              For each of the reasons set forth herein, Kismet respectfully requests that the Court deny the

4    Diaz Defendants Emergency Motion for Stay Pending Appeal.

5

6    Dated:  August 7, 2008                        BAKER & McKENZIE LLP

7

8                                                 By: /s/ Ali M.M. Mojdehi
                                                      Ali M.M. Mojdehi
9                                                     Janet D. Gertz

10                                                   Attorneys for Plaintiff
                                                    Kismet Acquisition, LLC, a Delaware
11                                                  limited liability company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

CASE NO  03-11155-LA-7 ADV. NO. 04-90392
OPPOSITION BY PLAINTIFF KISMET ACQUISITION, LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA
AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL [FED. R  BANKR  PROC. 7062, 8005]
SDODMS1/692323.1

# FAX RX Result Report

MFP
KM-5050

**Firmware Version  2GR_2000.013.009  2007.09.03**

| Job No. | : 006829 | Total Time | : 0°07'11" | Page | : 038 |

# Completed

**Document :  doc20080808115437**

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 08/08/2008 11:54 | | 0°07'11" | FAX | OK | 200x100 Normal / On |
| 002 | 08/08/2008 11:54 | bapca09filings@ca9.uscourts.gov | .°-.'-.° | E-mail | OK | 200x100 Normal / -- |